**Michael B. RUNYON, Plaintiff–Appellant,**

v.

**Joseph GLYNN; Ron Gates; Gerald Miedema; James R. Dougan; Stephen Spanel; Jon Hess, in their individual and official capacities; Unknown Parties, named as "John Does # 1–5" on complaint, in their individual capacities, jointly and severally; Kent County Sheriff's Department; Correctional Medical Services, sued in their individual and official capacities, Defendants–Appellees.**

No. 02–2072.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

This pro se Michigan prisoner appeals a district court judgment denying his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking a declaratory judgment and monetary damages, Michael B. Runyon sued James R. Dougan, Kent County (Mich.) Sheriff; Joseph Glynn, Kent Coun-

ty Sheriff's Deputy; Ron Gates, Detective at the Kent County Sheriff's Department; Gerald Miedema, Lieutenant at the Kent County Sheriff's Department; Stephen Spanel, Medical Administrator at the Kent County Correctional Facility (KCCF); Correctional Medical Services (CMS); Jon Hess, Captain and Jail Administrator at KCCF; and the Kent County Sheriff's Department.

Runyon claimed that: 1) Deputy Glynn used excessive force in arresting him (Runyon also raised a state tort claim of assault and battery against Deputy Glynn); 2) CMS delayed medical attention for a neck injury he claims to have sustained during his arrest; 3) defendants Gates, Miedema, Dougan, Hess, and the Kent County Sheriff's Department ignored his repeated requests to file a complaint for assault and battery against Deputy Glynn; and 4) defendants Dougan, Hess, and the Kent County Sheriff's Department interfered with his outgoing mail. Runyon framed his claims under the First, Fourth, and Fourteenth Amendments.

The magistrate judge recommended granting summary judgment in favor of the defendants. The district court adopted the magistrate judge's report and recommendation over Runyon's objections. The district court also denied Runyon leave to file a second amended complaint. Runyon appeals that judgment.

In his timely appeal, Runyon reasserts the claims set forth in the district court and seeks to amend his complaint a second time.

On appeal, this court reviews a judgment granting summary judgment de novo. *Jackson v. Leighton,* 168 F.3d 903, 909 (6th Cir.1999). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The facts and inferences drawn therefrom are to be viewed in the light most favorable to plaintiff. *See Jackson,* 168 F.3d at 909. Ultimately, this court must decide whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *See Terry Barr Sales Agency, Inc. v. All–Lock Co.,* 96 F.3d 174, 178 (6th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Upon review, we conclude that the district court properly granted summary judgment for the defendants for the reasons set forth in the district court's opinion of July 23, 2002. To the extent that Runyon claims that the district court erred in denying his motion to file a second amended complaint, the claim is meritless. This court reviews a district court's denial of a motion to amend a complaint for an abuse of discretion. *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 783 (6th Cir. 2000). A motion to amend a complaint should be denied if the amendment would be futile. *Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984). The district court did not abuse its discretion. Runyon's second amended complaint was futile because it contained nothing to support his claims. *See id.* at 1550.

Accordingly, we hereby affirm the district court's judgment for the reasons set forth in the court's opinion of July 23, 2002.